**UNITED STATES of America,
Plaintiff,**

v.

**Andres HERNANDEZ, Defendant.**

**No. CRIM. 01–293M(SEC).**

United States District Court,
D. Puerto Rico.

Aug. 8, 2001.

Edna C. Rosario–Muñoz, U.S. Attorney's Office District of Puerto Rico, Criminal Division, San Juan, PR, for Plaintiffs.

Rachel Brill, Esq., San Juan, PR, for Defendants.

## ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)

CASELLAS, District Judge.

Pending before the Court is the United States' motion for *de novo* review of Magistrate Judge Jesus A. Castellanos' order denying pretrial detention of the above-captioned Defendant. (Docket # 7). In this motion, made pursuant to 18 U.S.C. § 3145, the United States asks this Court to revoke the magistrate's order and issue an order of pretrial detention. The United State's request will be **GRANTED.**

Pursuant to 18 U.S.C. § 3142(e), (g) and (i), the Court will include in this order its findings of fact and a statement of the reasons for detention.

**FINDINGS OF FACT**

Pursuant to the United States' request, the Court conducted a *de novo* hearing on August 7, 2001. From the testimony proffered by the Government's witness, F.B.I Special Agent Omayra Melendez, the Court ascertained the following facts:

1. Defendant Andres Hernandez is a 40 year old citizen of Venezuela legally residing in Puerto Rico on an L2 Immigration Visa. His visa was issued because his wife was transferred to work in Puerto Rico by her employer, a large multi-national corporation, in June of 1999. Prior to residing in Puerto Rico, Defendant and his family lived in Chile for 3 years. He previously lived in his homeland of Venezuela.

2. Defendant has two young children that reside with him and his wife.

3. Defendant has not been employed since arriving in Puerto Rico. While residing in Venezuela, Defendant taught at the Simon Bolivar University.

4. Defendant does not own any property in Puerto Rico, and does not have any familial or community ties to Puerto Rico, other than his immediate family.

5. On July 24, 2001, The Federal Bureau of Investigation received a call reporting an incident allegedly involving the Defendant. The F.B.I. first verified the substance of the complaint by interviewing Defendant's accusers, and subsequently, the Defendant admitted these facts upon questioning by the F.B.I.:

a. On July 19, 2001, two minors were riding on bicycles around their neighborhood when the Defendant approached them on a blue bicycle and started talking to them. The Defendant told the minor females (ages 8 & 9) that he had a picture at his residence that looked like one of the girls. The Defendant convinced the girls to accompany him to his residence.

b. The minors followed Defendant to his residence. When they arrived they entered the house and followed the Defendant into a room where a computer was located. Inside the room, the Defendant sat in front of the computer and inserted a black computer disk. Immediately thereafter, a photo of a naked girl around the same age as the minors appeared on the computer screen.

c. The Defendant showed the minors approximately five photographs of the same girl, and then asked one of the girls to remove her shirt like the image on the computer screen.

d. The minors became frightened and asked Defendant to let them out of his home. Defendant did so, without physically touching the minors. The minors then reported the incident to the Police of Puerto Rico, who in turn contacted the F.B.I.

6. The F.B.I. then obtained a search warrant and proceeded to Defendant's residence. Upon questioning by the agents, Defendant admitted that he was using his computer to download pornography, including child pornography. Defendant also admitted that he wanted to act out the pornographic images, and that is why he asked the minor to remove her shirt so that he could see her naked. Finally, Defendant admitted that he was addicted to pornography, and that he needed help.

7. Based on the statements by Defendant and the minors, the agents arrested the Defendant and seized his computer. F.B.I. computer expert Soto conducted an analysis of Defendant's computer, which revealed numerous lewd images of minors ages 2–12 involved in sexual poses and sexual acts with adults. The analyst was able to retrieve approximately 15 images by the time of this hearing, and the United States provided copies of these images at the hearing for the Court to view. However, the images shown to the Court did not contain the image viewed by the minors.

8. During the course of the investigation, the F.B.I. also learned that another complaint had been filed with the administrators of a summer camp near Defendant's home. The allegation was that Defendant had approached a 10 year old female and asked her to come to his house to

see a puppy. However, the minor refused Defendant's invitation, and instead reported the incident to her mother, who in turn complained to the camp administrators.

From the evidence proffered by the Defendant's spouse, who testified on his behalf, the Court ascertained the following facts:

1. Defendant is the primary caretaker of his two young children, and he is responsible for cooking, cleaning, entertaining, pet care, and transportation while his wife is at work. His wife testified that her employer has no immediate plans to relocate her outside this jurisdiction, however, she could be transferred outside of Puerto Rico.

2. Defendant has a solid relationship with his wife and children, that is filled with love and respect.

3. The family has resided in Puerto Rico for two years, and the children have no behavioral problems, and are socially well-adjusted for their age.

4. There have been no changes in the children's behavior during their period of residence in Puerto Rico.

5. The Defendant's spouse knew that he was interested in surfing the internet, but she did not know that he was viewing pornography of any kind.

6. The Defendant's spouse and children were not in Puerto Rico when the alleged incidents occurred, and the children remain with their paternal grandparents in Venezuela.

7. Her employer will financially back the family, and move them to a new urbanization.

8. Defendant's spouse has agreed to serve as third-party custodian should he be released on bail.

## STATEMENT OF REASONS FOR DETENTION

■ Pursuant to 18 U.S.C. § 3142(g), the Court, in determining whether there are conditions of release that will reasonably assure the appearance of the person in court and the safety of any other person and the community, shall take into consideration the available information concerning: (1) the nature and circumstances of the offense charged, including whether or not the offense is a crime of violence, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

■ In the instant case, the offense charged 18 U.S.C. § 2252(a)(4)(B), has been specifically defined in 18 U.S.C. § 3156(a)(4)(C), as a crime of violence under the Bail Reform Act of 1984. Thus, the Court finds that Defendant is statutorily required to receive pretrial detention hearing under the Bail Reform Act of 1984.

■ The second factor is the weight of the evidence against the person. In this case, Defendant is charged with the possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and he has admitted to federal agents that "he used his computer to download child pornography." In addition, the Court has had the opportunity to view the images seized from Defendant's computer. Thus, the evidence against the Defendant is strong.

The third factor is the history and characteristics of the person. Included in this inquiry are the Defendant's character, history of alcohol or drug abuse, family ties, employment, length of residence in the community, community ties, past conduct,

criminal history and record of court appearances. In this case, the Court finds that Defendant is a flight risk, and will deny bail upon this ground, as we will now explain. Although this Defendant has no criminal history, or a history of drug and alcohol abuse, the Court finds other factors necessitate his detention pending trial.

First, the Defendant is not a United States citizen. In fact, his presence in this jurisdiction is wholly tied to his wife's employment. Second, his immediate family is his only tie to this jurisdiction, and his children are currently in his homeland of Venezuela. Third, he does not appear to have any ties to his community based on his short period of residency. For example, the Defendant and his wife own no property on the island, they own two cars, one registered in his spouse's name and the other in her employer's name. Fourth, the Defendant has not been employed during his stay in Puerto Rico because he does not have a "work visa." Finally, were Defendant to flee to Venezuela, the United States has presented evidence that suggests his extradition would be illegal under the Venezuelan Constitution.[1] Thus, the Court finds that Defendant is a flight risk. *See United States v. Perez–Franco*, 839 F.2d 867 (1st Cir.1988) (holding non-citizen Defendant was not entitled to be released on bail pending trial for possession of heroin, despite lack of criminal record and strong presence of his family in jurisdiction because he could not overcome the presumption that he would not flee the jurisdiction).

The fourth factor that the Court must consider is the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Here, the Court finds that Defendant represents a danger to minors in his community. As the evidence during the hearing indicated, Defendant has attempted to entice minors into his residence on at least two occasions, and he was successful on one occasion. Moreover, Defendant admitted that a reason for these enticements was to show the minors the sexually explicit pictures that form the basis of this complaint. Finally, Defendant has admitted that his addiction to pornography was so strong, that he began to act out the visual depictions with minor females. This type of impulsive behavior, which can subject an unwitting child to life-long psychological torment, leads the Court to the conclusion that Defendant is a danger to the community.

**Conclusion**

In sum, the Court finds that no condition or combination of conditions will reasonably assure: (1) the appearance of the Defendant as required, and (2) the safety

---

**1.** The Venezuelan Constitution reads in pertinent part:

All persons may travel freely through the national territory, change their domicile or residence, leave and return to the Republic, bring their property into the country or take it out, with no other limitations then those established by law. Venezuelans may enter the country without the necessity of any authorization whatever. No act of the Public Power may impose the penalty of banishment from the national territory against Venezuelans, except as commutation of some other punishment and at the request of the guilty party himself.

VEN. CONST. ch. III, art. 64.

In addition, the United States Embassy in Venezuela has posted the following information on its website. "The U.S. and Venezuela are also parties to an outdated 1922 bilateral extradition treaty; unfortunately, Venezuela's 1999 constitution expressly prohibits the extradition of Venezuelan nationals. This provision hampers Venezuela's ability to develop effective extradition relations with the U.S. and other countries in the hemisphere, many of which are eliminating, rather than erecting, barriers to extradition." http://usembassy.state.gov/venezucla/wwwh200.html

of minors and the community. Therefore, for the reasons set forth above, the Government's request for an Order of Detention pursuant to 18 U.S.C. § 3142(e) is **GRANTED.**

   **SO ORDERED.**